Darren P.B. Rumack
THE KLEIN AND CARDALI LAW GROUP PLLC
39 Broadway 35th Floor
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiff.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------x
**NADINE MENENDEZ,**

                **Plaintiff**

**v.**　　　　　　　　　　　　　　　　　　　　**COMPLAINT**
　　　　　　　　　　　　　　　　　　　　　　　Index No.

　　　　　　　　　　　　　　　　　　　　　　　**JURY TRIAL**
　　　　　　　　　　　　　　　　　　　　　　　**DEMANDED**

**CHIPOTLE SERVICES, LLC,**
**CHIPOTLE MEXICAN GRILL, INC. AND**
**EDDY CEBALLO**

                **Defendants.**
-----------------------------------------------------------------------x

1. Plaintiff Nadine Menendez ("Plaintiff") alleges as follows:

## NATURE OF THE ACTION

2. This Action on behalf of Plaintiff, seeks the recovery of compensatory and related damages for unlawful violations of her rights as a result of being discriminated against on the basis of her sex, gender, and pregnancy together with being subjected to a hostile work environment, retaliation and wrongful termination while employed by Eddy Ceballo ("Ceballo"), Chipotle Services, LLC and Chipotle Mexican Grill, Inc. (collectively "Defendants"). Plaintiff seeks these damages under the applicable provisions of Title VII of the Civil Rights Act of 1964 ("Title VII"), the New York State Executive Law

("NYSHRL"); and the Administrative Code of the City of New York ("NYCHRL").

## PARTIES

3. Plaintiff, a resident of New York State, was employed in various positions as an employee and supervisor in various positions from April 2017 through July 2019 and from January 2020 through December 26, 2023. Plaintiff was employed by Defendants during the relevant limitations periods. At all relevant times, Plaintiff met the definition of an employee and/or eligible employee under all applicable statutes.

4. Defendant Chipotle Services, LLC is a Colorado Corporation that does business in the State of New York.

5. Defendant Chipotle Mexican Grill, Inc. is a Delaware Corporation that does business in the State of New York.

6. Defendants Chipotle Services, LLC and Chipotle Mexican Grill, Inc. (hereinafter collectively referred to as "Chipotle") operate under the same corporate umbrella as a single and/or joint employer within the meaning of the applicable laws

7. Defendant Eddy Ceballo ("Ceballo") served as a field leader for Chipotle.

8. At all times material, Ceballo held supervisory authority over Plaintiff with respect to her employment, and to affect the terms and conditions of Plaintiff's employment on behalf of Chipotle, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

9. At all relevant times, Defendants were employers within the meaning of all applicable statutes.

## JURISDICTION AND VENUE

10. This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under Title VII and the Pregnancy Discrimination Act ("PDA.")

11. Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

12. On or about January 4, 2024, Plaintiff filed a Charge with the Equal Employment Opportunities Commission ("EEOC") (Charge No. 520-2024-02028)

13. On or about May 15, 2024, Plaintiff received a Right to Sue Letter from the EEOC.

14. Plaintiff has satisfied all administrative prerequisites and is filing this case within ninety (90) days of receiving the Right to Sue Letter.

## FACTUAL ALLEGATIONS

15. Defendant committed the following alleged acts knowingly, willfully and intentionally.

16. In and around April 2017, Chipotle hired Plaintiff to work as a crew member at their Broadway and 83rd Street restaurant location in New York City.

17. Around September 2017, Plaintiff was promoted to kitchen manager in the same location and in December 2017, Plaintiff was promoted to service manager.

18. Around April 2018, Plaintiff was promoted to an apprenticeship position to train to become a General Manager.

19. Around July 2019, Plaintiff voluntarily resigned from Chipotle due to a wrist injury.

20. Around January 2020, Plaintiff was rehired by Chipotle as a service manager, at their location at Sixth Avenue and 56th Street in Manhattan.

21. In February 2020, Plaintiff was again promoted to an apprenticeship position to train to become a General Manager.

22. In and around December 2020, while still serving as an apprentice, Plaintiff was transferred to work as a de facto General Manager at their restaurant located at 25 West 45th Street, New York, NY, 10036, as the General Manager at that location went out on maternity leave.

23. In June 2021, Plaintiff was officially promoted to general manager at this location, as the prior general manager did not return to work.

24. Plaintiff worked at this Chipotle location for the duration of her employment.

25. As general manager, Plaintiff's job duties included but were not limited to, scheduling, training, ensuring food safety, restaurant operations, monitoring sales goals and interviewing, hiring and firing staff.

26. From around March 2020 through late December 2023, Plaintiff's field leader was Eddy Ceballo.

27. Mr. Ceballo worked out of the Chipotle location at 1221 Sixth Avenue, New York, NY 10020.

28. Throughout this period, Ceballo had supervisory authority over Plaintiff with respect to her employment, including the power to hire and fire Plaintiff.

29. During this time period, Mr. Ceballo supervised approximately 8 other general managers who reported to him.

30. Plaintiff became around pregnant in September 2023.

31. From around November 6 through November 10, 2023, Plaintiff was hospitalized from experiencing dehydration due to her pregnancy.

32. Around November 8, 2023, Plaintiff notified Ceballo via text message that she was in the early stages of her pregnancy and was currently hospitalized.

33. Plaintiff returned to work on or around Monday, November 13, 2023 and was scheduled to work Monday and Tuesday before taking 3 vacation days.

34. On the same day, Mr. Ceballo came to the restaurant, and told Plaintiff that since she missed a week of work, her team did not know what was going on, and that it looked "unfair" to her team for her to be missing so much work, so she should disclose her pregnancy to them and why she was out of work the prior week.

35. Following the disclosure of her pregnancy, Ceballo began treating Plaintiff differently from the other general managers he supervised and began retaliating against her.

36. Roughly one month after notifying Ceballo of her pregnancy, Ceballo issued Plaintiff a write up and corrective action plan on or around December 6, 2023.

5

37. Specifically, Mr. Ceballo met with Plaintiff and verbally informed her that he was issuing a write-up and corrective action plan for her not working a complete 10 hour shift.

38. At that time, Mr. Ceballo did not provide Plaintiff with an actual copy of this write-up, only informing her verbally of the purported issue.

39. This "write-up" was clearly pretextual, as Plaintiff regularly worked 8 hour shifts throughout her tenure as General Manager, and this issue was never previously raised with her.

40. Additionally, other Chipotle general managers worked less than 10 hour shifts without being disciplined or written-up.

41. For example, the general manager of Chipotle's Bryant Park location (Sergio Santos) continually worked less than 10 hour shifts and was never issued write ups.

42. During the evening of December 6, 2023, Ceballo provided Plaintiff with her written write-up and corrective action plan, which was inconsistent with what Ceballo told her verbally earlier that day.

43. The write-up stated that on 3 dates, Plaintiff was late by more than 1 hour without providing notice to Ceballo.

44. However, for one of these alleged late dates (November 20th 2023), Plaintiff had a doctor's appointment related to her pregnancy (which she had notified Ceballo about), and on another of these dates, Plaintiff was only late by around 13 minutes.

45. The write-up did not mention the 10 hour shift issue that Ceballo had raised earlier that day.

46. Upon information and belief, other general managers have been late without providing notice and were not issued write-ups or corrective action plans.

47. Plaintiff complained to Mr. Ceballo that the write-up was inaccurate, and Ceballos agreed and told her it would be changed; however, a corrected write-up was never issued to Plaintiff.

48. As part of Chipotle's food safety protocol, employees are required to sign a Wellness Book at the start of each shift (along with the time of day they are signing), acknowledging they are not sick.

49. Around December 20, 2023, Ceballo told Plaintiff that Chipotle was investigating her for entering the incorrect times when she signed the wellness book.

50. On December 26, 2023, less than 2 months after Plaintiff disclosed her pregnancy, Chipotle wrongfully terminated Plaintiff for unintentionally putting the incorrect time next to her signature in the Wellness Book.

51. Plaintiff signed the wellness book and inadvertently put the time as 11:45 am, when it was actually 11:55 am.

52. Plaintiff was never given any prior notice or corrective action opportunities regarding this matter.

53. This termination was clearly pretextual, as Plaintiff and other Chipotle employees have previously signed the Wellness Book with times that were inadvertently a few minutes off, without issue.

54. For example, Mr. Sergio Santos was also investigated for entering incorrect times in the wellness book but was only given a corrective action write-up for his violation.

## FIRST CAUSE OF ACTION
## TITLE VII DISCRIMINATION AGAINST CHIPOTLE

55. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

56. Title VII states in relevant part as follows: Sec. 2000e-2. [Section 703] (a) Employer Practices; it shall be an unlawful employment practice for an employer – (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to her/his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex or national origin."

57. Defendant Chipotle engaged in unlawful employment practices by 42 U.S.C. § 2000e et seq., by discriminating against Plaintiff because of her sex/gender (female) and pregnancy.

58. Moreover, Title VII, as amended in 1978 by the Pregnancy Discrimination Act ("PDA"), provided that "women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment related purposes…as other persons not so affected but similar in their ability or inability to work." 42 U.S.C. § 2000e(k).

59. Defendant Chipotle engaged in unlawful employment practices by 42 U.S.C. § 2000e et seq. by discriminating against Plaintiff on the basis of of her

       sex/gender and pregnancy, together with subjecting her to a hostile work environment based on same.

60. Defendant Chipotle violated the above and Plaintiff suffered numerous damages as a result.

## SECOND CAUSE OF ACTION
## TITLE VII RETALIATION AGAINST CHIPOTLE

61. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

62. Title VII states in relevant part as follows: Sec. 2000e-3(a) provides that it shall be an unlawful employment practice for an employer: "(1) to discriminate against any of his employees…because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under this subchapter."

63. Defendant Chipotle engaged in unlawful employment practices by 42 U.S.C. § 2000e et seq. by retaliating against Plaintiff with respect to the terms, conditions or privilege of employment because of her opposition to the unlawful employment practices of Defendant.

64. Defendant Chipotle violated the above and Plaintiff suffered damages as a result.

## THIRD CAUSE OF ACTION
## NYSHRL DISCRIMINATION AGAINST ALL DEFENDANTS

65. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

9

66. Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

67. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex, familial status, and pregnancy-related condition leading to Plaintiff's wrongful termination.

68. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

69. Defendants violated the above and Plaintiff suffered damages as a result.

### FOURTH CAUSE OF ACTION
### NYSHRL RETALIATION AGAINST ALL DEFENDANTS

70. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

71. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

72. Defendants engaged in an unlawful discriminatory practice by retaliating, terminating, and otherwise discriminating against Plaintiff with respect to the

terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful practices of Defendants.

73. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

74. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## FIFTH CAUSE OF ACTION
## NYSHRL AIDING AND ABETTING AGAINST ALL DEFENDANTS

75. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

76. New York State Executive Law §296(6) further provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

77. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

78. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of New York State Executive Law.

79. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## SIXTH CAUSE OF ACTION
## NYCHRL DISCRIMINATION AGAINST ALL DEFENDANTS

80. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

81. By the actions detailed above, among others, Defendants have discriminated against Plaintiff in violation of the NYCHRL by denying her the equal terms and conditions of employment because of her gender, sex, pregnancy status, failing to investigate her discrimination complaints, subjecting her to a hostile work environment and failing to accommodate her pregnancy.

82. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

83. Defendants violated the above and Plaintiff suffered damages as a result.

## SEVENTH CAUSE OF ACTION
## NYCHRL RETALIATION AGAINST ALL DEFENDANTS

84. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

85. By the actions detailed above, Defendants have retaliated against Plaintiff based on her protected activities in violation of the NYCHRL, including by terminating her employment.

86. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

87. Plaintiff hereby makes a claim against Defendant under all of the applicable paragraphs of New York State City Administrative Code Title 8.

88. Defendants violated the above and Plaintiff suffered damages as a result.

## EIGHTH CAUSE OF ACTION
## NYCHRL INTERFERENCE AGAINST ALL DEFENDANTS

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. Section 8-107(19), titled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

91. Defendant violated the above and Plaintiff suffered damages as a result.

### NINTH CAUSE OF ACTION
### NYSHRL AIDING AND ABETTING AGAINST ALL DEFENDANTS

92. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

93. By the actions detailed above, Defendants have knowingly or recklessly aided and abetted and directly participated in the unlawful discrimination and retaliation to which Plaintiff was subjected in violation of the NYCHRL.

94. Defendants violated the above and Plaintiff suffered damages as a result.

### TENTH CAUSE OF ACTION
### NYCHRL SUPERVISOR LIABILITY AGAINST ALL DEFENDANTS

95. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

96. The New York City Administrative Code Title 8, §8-107(13) provides that "[A]n employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision

of this section other than subdivisions 1 and 2 of this section. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision 1 or 2 of this section only where: (1) The employee or agent exercised managerial or supervisory responsibility; or (2) The employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) The employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct."

97. Defendants violated the above section as set forth herein and Plaintiff suffered damages as a result.

## PRAYER FOR RELIEF

98. WHEREFORE, Plaintiff prays for relief as follows:

    a. An award of damages, according to proof, including punitive and liquidated damages, to be paid by Defendants;

    b. A declaratory judgment that the practices complained of herein are unlawful;

    c. Penalties available under applicable laws;

    d. Costs of the action incurred herein, including expert fees;

    e. Attorneys' fees;

f. Pre-judgment and post-judgment interest, as provided by law; and

g. Such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which she has a right.

Dated: New York, New York
       July 1, 2024

Respectfully submitted,

The Klein and Cardali Law Group PLLC

By:   /s/ Darren Rumack
      Darren P.B. Rumack
      39 Broadway, 35th Floor,
      New York, NY 10006
      Phone: 212-344-9022
      Fax: 212-344-0301
      *Attorneys for Plaintiff.*
      .